RECEIVED
IN LAKE CHARLES, LA.

FEB 13 2014

TONY R. MOORE, CLERK
BY_____
                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JEFF KITE, ET AL. | * | CIVIL ACTION NO. 2:13-CV-2131 |
| Plaintiffs | * | |
| V. | * | JUDGE MINALDI |
| ALAN KITE, ET AL. | * | |
| Defendants | * | MAGISTRATE JUDGE KAY |

**************************************************************

## MEMORANDUM RULING

Before the court is a Motion Under Rule 5011(a) to Determine Whether or Not an Adversary Proceeding Should Be Withdrawn and Referred to the United States District Court [Doc. 4], filed by Jeffrey D. Kite, and Kite R.V., L.L.C. (plaintiffs), seeking the withdrawal and reference of the instant matter from the United States Bankruptcy Court for the Western District of Louisiana to the United States District Court for the Western District of Louisiana. Alan Kite and R. Alan Kite, L.L.C. (defendants), have filed an Opposition [Doc. 10], and the plaintiffs have timely filed a Reply [Doc. 12]. For the following reasons, the Motion [Doc. 4] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Oral Argument [Doc. 11] requesting a hearing on the merits of the Motion to Withdraw Reference be and hereby is **DENIED AS MOOT**.

Also before the court is the defendants' Motion to Consolidate [Doc. 4-4], to which the plaintiffs have timely filed an Opposition [Doc. 9]. For the following reasons, the Motion to Consolidate [Doc. 4-4] is hereby **GRANTED**, and case number 2:13-cv-2117, the Member Case, is hereby consolidated with and into case number 2:13-cv-2131, the Lead Case.

1

**IT IS FURTHER ORDERED** that the plaintiffs' Motion Under Rule 5011(a) to Determine Whether or Not an Adversary Proceeding Should be Withdrawn and Referred to the United States District Court [Doc. 5. in case no. 2:13-cv-2117] in the Member Case be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Oral Argument [Doc. 8 in case no. 2:13-cv-2117] requesting a hearing on the merits of the Motion to Withdraw Reference be and hereby is **DENIED AS MOOT**.

## FACTS & PROCEDURAL HISTORY

This litigation stems from the co-ownership of Kite R.V., L.L.C. (Kite R.V.), by brothers Jeff Kite (Jeff) and Alan Kite (Alan), the latter of which is the debtor herein.[1] On May 9, 2008, Alan filed a Petition for Judicial Dissolution[2] (the liquidation action) in the Fourteenth Judicial District Court for the Parish of Calcasieu, seeking, among other things, appointment as liquidator of Kite R.V.[3] Shortly thereafter, Jeff alleges that Alan used his authority as liquidator to transfer "control or ownership of all of Kite R.V.'s $2 million plus assets to either himself or his wholly-owned entity, R. Alan Kite, L.L.C."[4]

On February 18, 2009, Jeff and Kite R.V. filed a lawsuit (the damages action) against Alan and R. Alan Kite, L.L.C., in the Thirty-Sixth Judicial District Court for the Parish of Beauregard, requesting a jury trial and seeking damages for breach of fiduciary duty, waste of company assets, unfair trade practices, misappropriation of assets and opportunities, fraud, conversion, and breach of contract.[5] After a long series of convoluted filings, in both the

---

[1] Not. of Removal [Doc. 1], at ¶ 1.
[2] Pet. for Judicial Dissolution [Doc. 1-2], at 29.
[3] *Id.* at ¶ 9.
[4] Not. of Removal [Doc. 1], at ¶ 2.
[5] *Id.* at ¶¶ 3-5.

liquidation action and the damages action, which are not necessarily germane to the instant Motion, a jury trial was set in the damages action for June 3, 2013.[6]

On April 1, 2013, Alan filed for bankruptcy under Chapter 11.[7] Shortly thereafter, the plaintiffs filed the Notice of Removal [Doc. 1] in this case pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure,[8] thereby removing all unresolved claims in the damages action from the Thirty-Sixth Judicial District Court, except an ongoing contempt proceeding that is not relevant to the instant Motion.[9]

On June 27, 2013, this case was referred to the bankruptcy court.[10] The instant Motion [Doc. 4] was filed by the plaintiffs on July 22, 2013, seeking the withdrawal of the case from the docket of the bankruptcy court and the referral of the case to the district court.[11] The plaintiffs request a trial by jury, and assert that the damages action claims are non-core.[12]

## LAW & ANALYSIS

28 U.S.C. § 157 provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case

---

[6] *Id.* at ¶ 8.
[7] Bankruptcy Case No. 13-20270; *see* Not. of Removal [Doc. 1], at ¶ 9.
[8] 28 U.S.C. § 1452(a) states as follows:
> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title.

*See also* 28 U.S.C. § 1334 (granting jurisdiction over cases under title 11 to the district courts). Rule 9027(a)(2) states:
> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2).
[9] Not. of Removal [Doc. 1], at ¶ 12.
[10] *See* Minute Entry [Doc. 3].
[11] Mot. for Withdrawal and Reference [Doc. 4], at 1.
[12] Not. of Removal [Doc. 1], at ¶ 17-18.

under title 11 shall be referred to the bankruptcy judges for the district." The Local Rules for the Western District of Louisiana state that, under the authority granted to the district courts under 28 U.S.C. § 157, all Title 11 proceedings are referred as a matter of course to the bankruptcy judges of the Western District, with the exception of personal injury tort and wrongful death claims, which are to be tried in the district court consistent with 28 U.S.C. § 157(b)(5). L.R. W.D. La. 83.4.1. Pursuant to Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge." FED. R. BANKR. P. 5011(a).

The plaintiffs sought a jury trial in the damages action in the Thirty-Sixth Judicial District Court on their state law claims.[13] The plaintiffs now argue, pursuant to the Supreme Court's holding in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), that Local Rule 83.4.1 "may be unconstitutional to the extent it automatically refers the case to the bankruptcy court."[14] Moreover, the plaintiffs have requested a jury trial, but have not consented to a jury trial before the bankruptcy court, as required by Rule 9015(b) of the Federal Rules of Bankruptcy Procedure.[15]

The plaintiffs request the withdrawal of the instant action pursuant to the Supreme Court's holding in *Stern v. Marshall*, 131 S. Ct. 2594 (2011).[16] "In *Stern*, the Court determined that the bankruptcy court lacked the constitutional authority to enter final judgment on the debtor's state-law counterclaim even though the statute conferred such authority." *B.P. R.E.,*

---

[13] *See id.*, at ¶ 8.
[14] *Id.* at ¶ 21.
[15] *Id.* at ¶ 17-18. Rule 9015(b) states that
> If the right to a jury trial applies, a timely demand has been filed pursuant to Rule 38(b) F.R.Civ.P., and the bankruptcy judge has been specially designated to conduct the jury trial, the parties may consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) by jointly or separately filing a statement of consent within any applicable time limits set by local rule.

FED. R. BANKR. P. 9015(b).
[16] Mot. for Withdrawal and Reference [Doc. 4], at 1, ¶¶ 7, 8.

4

*L.P. v. R.M.L. Waxahachie Dodge, L.L.C. (In re B.P. R.E., L.P.)*, 735 F.3d 279, 283-84 (5th Cir. 2013) (*citing Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011)). The plaintiffs assert that, under *Stern*, they "retain their respective Seventh Amendment rights to a jury trial on all removed matters by an Article III judge."[17] Further, the plaintiffs argue that, as their state law claims include an action for defamation, which the plaintiffs assert is a personal injury tort claim, and personal injury tort claims are to be tried by the district court pursuant to 28 U.S.C. § 157, withdrawal is appropriate.[18]

A district court's withdrawal of a reference may be either mandatory or permissive. *See* 28 U.S.C. § 157(d). As the plaintiffs make no argument that mandatory withdrawal is called for herein,[19] the court will forego an analysis of the mandatory withdrawal provision of 28 U.S.C. § 157(d) and proceed to assessing the merits of the arguments pertaining to permissive withdrawal.

Permissive, or voluntary, withdrawal of either an entire case or a portion thereof may be accomplished by the district court "for cause shown." *Id.* While the statute does not specify what is meant by "cause shown," the Fifth Circuit has set forth a number of factors to be considered. *See Adler v. Walker (In re Gulf States Long Term Acute Care of Covington, L.L.C.)*, 455 B.R. 869, 874 (E.D. La. 2011) (*citing Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)).

> These factors can be summarized as follows: (1) whether the matter at issue is a core or a non-core proceeding, (2) whether the proceedings involve a jury demand, and (3) whether withdrawal would further the goals of (a) promoting uniformity in bankruptcy administration, (b) reducing forum shopping and confusion, (c) fostering the economical use of the debtor's and creditors' resources, and (d) expediting the bankruptcy process.

*Id.* (citations omitted).

---

[17] *Id.* at ¶ 7.
[18] *Id.*
[19] See Reply Memo. [Doc. 12], at 5, stating that "[t]he state law causes of action of the petition do not technically fall under the mandatory withdrawal provision."

The presence of non-core claims weighs in favor of withdrawal of the reference. *See, e.g., Adler*, 455 B.R. at 875. While the term "core proceeding" is not defined in 28 U.S.C. § 157, the statute does provide an illustrative list of core proceedings. The statutory list includes, among others, "(A) matters concerning the administration of the estate; . . . [and] (H) proceedings to determine, avoid, or recover fraudulent conveyances" as examples of core proceedings. 28 U.S.C. § 157(b)(2). The statute also provides a sort of catchall provision, identifying as core "(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(O). The plaintiffs correctly note that subsection (O) is to be given a narrow reading under Fifth Circuit law, because to do otherwise "would make the entire range of proceedings within bankruptcy jurisdiction fall within the scope of a 'core proceeding,' which is contrary to legislative intent." *Adler*, 455 B.R. at 875 (*citing In re Wood*, 825 F.2d 90, 95 (5th Cir. 1987)). Further, the Fifth Circuit has stated that "'[c]ore' proceedings are those that 'invoke [ ] a substantive right provided by title 11' or 'could arise only in the context of a bankruptcy case.'" *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009) (*citing Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

The claims herein do not pertain to the administration of the estate, nor do they appear to fall under any other of the listed core proceedings in 28 U.S.C. § 157(b)(2). Applying the Fifth Circuit's definition, the plaintiffs' claims for breach of fiduciary duty, waste of company assets, unfair trade practices, misappropriation of assets and opportunities, fraud, conversion, and breach of contract[20] do not invoke a substantive right provided by title 11. These claims are not such that they could "only arise in the context of a bankruptcy case," *In re Morrison*, 555 F.3d at

---

[20] *See* Reply Memo. [Doc. 12], at 4.

479 (citation omitted), but they rather could arise in the context of any action. As such, the plaintiffs' claims appear to be predominantly non-core in nature. This factor thus weighs in favor of withdrawal.

The second factor inquires as to whether the proceedings involve a jury demand. The defendants argue that the plaintiffs have no jury right, and that, even if one had originally existed, the plaintiffs have waived that right.[21]

The Seventh Amendment "provides a right to a jury trial where the suit is to ascertain and determine *legal* rights, as opposed to equitable rights." *Adler*, 455 B.R. at 876 (*citing Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989)) (emphasis added). Courts conduct a two-part test for assessing whether a claim is legal or equitable: first, the *action* in question is compared to those actions of the eighteenth century that were brought in the courts of law and equity, and, secondly, the court inquires as to whether the *remedy* sought is legal or equitable in nature. *In re Jensen*, 946 F.2d 369, 371 (5th Cir. 1991) (citations omitted). The second prong is generally considered the more significant of the two. *Id.* (citations omitted).

As in *In re Jensen*, the claims here are both legal and equitable in nature. For instance, while "[c]laims for breach of fiduciary duty have always been within the exclusive jurisdiction of the courts of equity," *In re Jensen*, 946 F.2d at 371 (*citing Local No. 391 v. Terry*, 494 U.S. 558 (1990) (additional citations omitted)), "fraud could be brought in either a court of law or a court of equity." *Id.* (citations omitted).

This first stage of the inquiry failing to be dispositive, the court turns to the weightier second prong in assessing whether the remedy sought is legal or equitable in nature. The plaintiffs' original petition in the damages action states that the plaintiffs are seeking monetary

---

[21] Memo. in Supp. of Opp. [Doc. 10-3], at 13.

damages for the claims at issue herein.[22] This clearly militates in favor of a finding that the claims are legal in nature. *See generally In re Jensen*, 946 F.2d at 372-73. Moreover, the Supreme Court has repeatedly held that "[i]f [a] legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact." *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974) (citations omitted). As such, the plaintiffs' claims are legal in nature such that the plaintiffs have a Seventh Amendment right to trial by jury on all of their claims.

As to the defendants' argument that the plaintiffs waived their right to trial by jury in state court via a September 12, 2012, letter to the court,[23] the plaintiffs respond by noting that this letter was filed in an entirely different case and is thus inapplicable to the instant motion.[24] Regardless, the plaintiffs clearly desire a jury trial now, and, consistent with the strong policy in favor of permitting litigants an opportunity to have their case tried before a jury where a right to a jury trial exists, Federal Rule of Civil Procedure 39(b) "gives the district court discretion to relieve a party from waiver of a jury trial." *Istre v. Williams*, No. 00-1203 c/w 00-2170, 2000 U.S. Dist. LEXIS 14895, at *3-4 (E.D. La. Sept. 29, 2000) (citations omitted). Thus, in any event, these matters are to be tried by jury, and this factor weighs in favor of withdrawal.

As to the remaining factors, the court does not see how either granting or denying the withdrawal sought by the plaintiffs would either promote or inhibit uniformity in bankruptcy administration. In *Adler*, the court reached the same result, stating that neither outcome would "prevent the bankruptcy court from administering the bankruptcy Plan." *Adler*, 455 B.R. at 877. The court does not find that this factor weighs strongly either way here.

---

[22] *See* Pet. for Damages [Doc. 1-2], at 1.
[23] *See* Letter from Scott J. Scofield to Honorable F. Rae Swent, Judge *Ad Hoc*, 36th Judicial District Court, Sept. 12, 2012 [Doc. 10-1], at 2.
[24] Reply Memo. [Doc. 12], at 1-2.

With regard to the concerns pertaining to the reduction of forum shopping, the plaintiffs assert that "[c]urrently pending before the Bankruptcy Court are motions by which [the defendants seek] to engage in forum shopping at its worst."[25] The plaintiff asserts that the defendants' ultimate goal is to have of these interrelated actions—the liquidation actions and the damages action—sent back to the Fourteenth Judicial District Court.[26] Although the plaintiff offers little to support this claim, it is true that portions of this controversy have been heard by at least four different judges at this point, both state and federal. In any event, given that the plaintiffs are entitled to a jury trial before a district judge, it seems to the court that the granting of the plaintiffs' Motion to Withdraw Reference likely puts an end to any forum shopping that may be occurring. Further, withdrawing the case at this stage provides the court with the best opportunity to familiarize itself with the legal and factual issues of the case in preparation for trial, and also seems to be the most efficient use of the time of both the court and the litigants. Accordingly,

**IT IS ORDERED** that the plaintiffs' Motion Under Rule 5011(a) to Determine Whether or Not an Adversary Proceeding Should be Withdrawn and Referred to the United States District Court [Doc. 4] be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Oral Argument [Doc. 11] be and hereby is **DENIED AS MOOT**.

There is also a pending Motion to Consolidate [Doc. 4-4] before the court. The defendants seek consolidation, alleging that the liquidation action which was removed from the Fourteenth Judicial District Court and the damages action which was removed from the Thirty-

---

[25] Reply Memo. [Doc. 12], at 7.
[26] *Id.* at 8.

9

Sixth Judicial District Court contain substantially the same claims by the same parties.[27] The plaintiffs, on the other hand, oppose the consolidation of these two matters while also conceding that there are indeed common issues of law and fact.[28] Nevertheless, the plaintiffs fear that the defendants' Motion to Consolidate is just one more in what the plaintiffs allege is a long string of procedural maneuvers designed to delay and prevent the liquidation action from ever reaching a conclusion.[29] Moreover, the plaintiffs take the position that the liquidation action should ultimately be dismissed because Alan's declaration of bankruptcy necessarily resulted in his involuntary withdrawal from Kite R.V.[30] Therefore, the plaintiffs argue, Jeff, as the sole remaining member, "has decided to end the liquidation of Kite R.V."[31]

Rule 7042 of the Federal Rules of Bankruptcy Procedure states that Rule 42 of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 42 governs consolidation of actions. *See* FED. R. CIV. PRO. 42. Rule 42 authorizes a district court to consolidate actions containing "common questions of law or fact." FED. R. CIV. PRO. 42(a). "The trial court's managerial power is especially strong and flexible in matters of consolidation." *Ctr. For Biological Diversity, Inc. v. B.P. Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013) (citations omitted).

It seems to the court that the most sensible way to proceed is to consolidate case 2:13-cv-2131, the case that was initially removed from the Thirty-Sixth Judicial District Court,[32] and case 2:13-cv-2117, the case that was initially removed from the Fourteenth Judicial District Court.[33] These cases stem from the same event or series of events, predominantly involve the same

---

[27] Mot. to Consolidate [Doc. 4-4], at ¶ 5.
[28] Memo. in Opp. [Doc. 9], at 14. "The damage claims in the 36th JDC are largely identical to those in the 14th JDC." *Id.*
[29] *Id.* at 16.
[30] *Id.* at 14.
[31] *Id.*
[32] *See* Not. of Removal [Doc. 1], at 1.
[33] *See* Not. of Removal [Doc. 1 in case no. 2:13-cv-2117].

parties, and contain many of the same claims and legal theories. Moreover, if the plaintiffs are sincerely concerned that the granting of the defendants' request for consolidation will further delay a final resolution of the liquidation action, they are free to file any dispositive motions permitted by the Federal Rules of Civil Procedure requesting the court to address such issues. However, even though the plaintiffs do make a half-hearted request in their Opposition[34] that the liquidation action be dismissed, the court finds that dismissal is inappropriate at this time, as the defendants have not had an opportunity to respond to the plaintiffs' request of dismissal, and an Opposition to a Motion to Consolidate is an improper vehicle for seeking the dismissal of an opposing party's claims. Accordingly,

**IT IS ORDERED** that the defendants' Motion to Consolidate [Doc. 4-4] be and hereby is **GRANTED**, and case number 2:13-cv-2117, the Member Case, is hereby consolidated with and into case number 2:13-cv-2131, the Lead Case. All filings henceforth in this matter are to be submitted in the Lead Case.

Additionally, considering that, as the Member Case, case number 2:13-cv-2117, has now been consolidated with and into the Lead Case, case number 2:13-cv-2131, and there is a pending Motion to Withdraw Reference [Doc. 5 in case no. 2:13-cv-2117] in the Member Case that is substantially the same as the Motion to Withdraw Reference [Doc. 4. in case no. 2:13-cv-2131] in the Lead Case, ruled upon above,

**IT IS FURTHER ORDERED** that the plaintiffs' Motion Under Rule 5011(a) to Determine Whether or Not an Adversary Proceeding Should be Withdrawn and Referred to the United States District Court [Doc. 5. in case no. 2:13-cv-2117] in the Member Case be and hereby is **GRANTED**.

---

[34] Memo. in Opp. [Doc. 9], at 14.

**IT IS FURTHER ORDERED** that the Motion for Oral Argument [Doc. 8 in case no. 2:13-cv-2117] requesting a hearing on the merits of the Motion to Withdraw Reference be and hereby is **DENIED AS MOOT**.

Lake Charles, Louisiana, this 3 day of February, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE